## THREE IN ONE OIL CO. v. BOSTON BRASS CO.

Court of Appeals of District of Columbia.

Submitted November 18, 1927. Decided December 5, 1927.

Petition for Rehearing Denied January 21, 1928.

No. 1985.

1. **Trade-marks and trade-names and unfair competition** ⊂⊃43—Boiler valves and oil are not of same descriptive qualities, as affects right to register similar trade-mark.

Registration of trade-mark "2 in 1" for use of boiler relief valves will not be denied, because of similarity with mark used on oil, since such goods are not of same descriptive properties.

2. **Trade-marks and trade-names and unfair competition** ⊂⊃43—"2 in 1" will not be denied registration as trade-mark on ground that it is part of name of opposer "Three in One Oil Company."

Registration of trade-mark "2 in 1" for use on boiler relief valves will not be denied, on ground that part of corporate name of Three in One Oil Company was appropriated, since "2 in 1" is not part of such name.

Appeal from the Commissioner of Patents.

Application by the Boston Brass Company for the registration of a trade-mark, opposed by the Three in One Oil Company. From a decision dismissing the oppositions, opposer appeals. Affirmed.

J. L. Steuart, of New York City, for appellant.

G. P. Dike, of Boston, Mass., and A. V. Cushman, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. [1, 2] This appeal is by the Three in One Oil Company from the decision of the Commissioner of Patents, dismissing the oppositions to the registration of the trade-mark "2 in 1," used on boiler relief valves by appellee Boston Brass Company. In this case, as in the case of Three in One Oil Company v. Lobl Manufacturing Co., 57 App. D. C. ——, 23 F. (2d) 893, this day decided, there is no confusion that can possibly arise from the use of the marks, since the goods on which the marks are used are not of the same descriptive properties. Neither can confusion arise, or any right inure to the opposer, from the registration of the mark, since "2 in 1" is

not even a part of appellant's corporate name.

The decision of the Commissioner is affirmed.